# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 8, 2022

## RHONDA LAWSON v. MARK KLEINMAN

**Appeal from the Juvenile Court for Sullivan County**
**No. BCJ-17404     Randy M. Kennedy, Judge**

——————————————————

## No. E2022-00055-COA-R3-JV

——————————————————

Because appellant did not timely file a Tenn. Sup. Ct. R. 10B recusal appeal, and the order appealed does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

## Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND KRISTI M. DAVIS, J.

Richard Alan Spivey, Kingsport, Tennessee, for the appellant, Rhonda Lawson.

Jason Andrew Creech, Johnson City, Tennessee, for the appellee, Mark Kleinman.

## MEMORANDUM OPINION[1]

On January 14, 2022, the appellant, Rhonda Lawson ("Appellant"), filed in this Court a notice of appeal of an order entered on January 7, 2022 by the Juvenile Court for Sullivan County ("the Trial Court"). The appellee, Mark Kleinman, filed a motion to dismiss and attached a copy of the Trial Court's January 7, 2022 order, which is an interlocutory order addressing a motion for recusal. On February 7, 2022, Appellant filed a response to the motion to dismiss titled: "SUPPLEMENT IN SUPPORT OF APPEAL,"

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

which addresses the Trial Court's denial of the motion to recuse, but fails to show that a final judgment has been entered in this case.

"A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

An order denying a motion for recusal can be appealed immediately in an "accelerated interlocutory appeal as of right" pursuant to Tenn. Sup. Ct. R. 10B § 2 or can be raised as an issue in a Tenn. R. App. P. 3 appeal as of right following the entry of a final judgment. Tenn. Sup. Ct. R. 10B § 2.01. An "accelerated interlocutory appeal as of right" may be sought by filing a "petition for recusal appeal" with the appropriate appellate court within twenty-one days of the trial court's entry of the order. Tenn. Sup. Ct. R. 10B § 2.02. Rule 10B provides that a petition for recusal appeal shall contain a "statement of the issues presented for review," a "statement of the facts, setting forth the facts relevant to the issues presented for review" and an argument "with citations to the authorities . . .." Tenn. Sup. Ct. R. 10B § 2.03(a), (b), & (c). Furthermore, Rule 10B provides that the petition for recusal appeal "shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B § 2.03(d).

The notice of appeal filed by Appellant on January 14, 2022 did not contain a statement of issues, a statement of facts, or an argument with citations. Nor was it accompanied by the supporting documents required by Rule 10B. Although Appellant's "SUPPLEMENT IN SUPPORT OF APPEAL" contains a statement of issues and a statement of facts and is accompanied by several of the supporting documents required by Tenn. Sup. Ct. R. 10B, the "SUPPLEMENT IN SUPPORT OF APPEAL" was not filed until after the expiration of the time for filing an accelerated interlocutory appeal pursuant to Rule 10B.[2]

"The Tennessee Supreme Court has recognized that when the word 'shall' is used in a statute or rule, it is ordinarily construed as being mandatory and not discretionary." *Childress v. United Parcel Service, Inc.*, No W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *2 (Tenn. Ct. App. June 3, 2016), *no appl. perm. appeal filed*. Furthermore,

---

[2] The argument section in Appellant's "SUPPLEMENT IN SUPPORT OF APPEAL" contains a section titled: "ARGUMENT," but this section is comprised of only three sentences and is devoid of any citations to any authorities whatsoever.

this Court has emphasized:

> that the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this court so as to allow this court to meet its obligations under section 2.06 of the rule, which requires this Court to decide these appeals "on an expedited basis. . . . [sic]". As such, it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance.

*Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at *3 (Tenn. Ct. App. Nov. 30, 2012), *no appl. perm. appeal filed.*

The time for Appellant to file a timely accelerated interlocutory appeal expired on January 28, 2022. Appellant is not entitled to a Tenn. Sup. Ct. R. 10B accelerated interlocutory appeal because she did not file a timely petition for recusal appeal with the clerk of this Court. "The time periods for filing a petition for recusal appeal pursuant to section 2.02 . . . are jurisdictional and cannot be extended by the court." Tenn. R. Sup. Ct. 10B § 2.08.

Rather than filing a timely Tenn. Sup. Ct. R. 10B petition for recusal appeal, Appellant filed a Tenn. R. App. P. 3 notice of appeal as of right. However, a party is entitled to a Tenn. R. App. P. 3 appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable by filing a notice of appeal. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the January 7, 2022 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to Appellant, Rhonda Lawson, for which execution may issue.

**PER CURIAM**